```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

JOHN DOE,                        )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )    Case No. 2:22-cv-144
                                 )
THE UNIVERSITY OF VERMONT        )
AND STATE AGRICULTURAL           )
COLLEGE; THE BOARD OF            )
TRUSTEES OF THE UNIVERSITY       )
OF VERMONT AND STATE             )
AGRICULTURAL COLLEGE;            )
KATHARINE SPENCE,                )
Individually and as agent        )
for The University of Vermont    )
and State Agricultural           )
College; ANNA EPSHTEYN,          )
Individually and as agent        )
For The University of Vermont    )
and State Agricultural           )
College; and THOMAS MERCURIO,    )
Individually and as agent for    )
the University of Vermont and    )
State Agricultural College,      )
                                 )
     Defendants.                 )
```

## OPINION AND ORDER

While a student at the University of Vermont ("UVM" or "University"), Plaintiff was accused of sexual assault. UVM conducted an investigation and suspended Plaintiff for two semesters. Plaintiff now alleges that UVM is liable for breach of contract and violations of Title IX of the Education Amendments of 1972, the Due Process Clause, and Vermont's Discrimination in Public Accommodations Act.

Before the Court is Plaintiff's motion to proceed under a pseudonym and for a protective order. For the reasons set forth below, the motion is denied.

## Factual Background

The Complaint alleges that on December 3, 2018, Plaintiff was notified that he was accused of committing sexual assault and/or sexual exploitation of a fellow student. UVM conducted an investigation, the investigation gave rise to a disciplinary process and, ultimately, Plaintiff was suspended from school. Plaintiff claims that UVM's actions were unfair, violated his rights, and damaged his future education and career prospects. Plaintiff has since graduated from UVM.

Plaintiff filed his Complaint under the John Doe pseudonym and seeks leave of the Court, together with a corresponding protective order, to continue under that name. Plaintiff claims that revealing his name would result in irreparable harm to his reputation, as future potential employers or schools would be able to learn, by means of a simple internet search, that he was accused of sexual misconduct. Defendants oppose the motion, arguing that Plaintiff's claims of harm are speculative, that potential economic harm is insufficient to warrant proceeding anonymously, and that Plaintiff's interest in anonymity is outweighed by the public interest in maintaining open court proceedings.

**Discussion**

The Federal Rules of Civil Procedure mandate that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly," as the public has a right to know who is using the court system. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008) (citing *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).

Nonetheless, courts have recognized a limited exception to this general rule where the plaintiff claims a need for anonymity. *See Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has established a list of non-exhaustive factors to consider when determining whether to allow a party to proceed under a pseudonym. *See id.* at 190. Those factors include:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the

3

> plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (citations and internal quotation marks omitted). The decision as to whether to permit a litigant to proceed anonymously is entrusted to the sound discretion of the court. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

As to the first *Sealed Plaintiff* factor, this litigation is certainly of a personal nature. Defendants submit that the focus of the litigation will be on UVM's process, and not the substance of the underlying claim. While that is true, it does not relieve Plaintiff of his concern about having his identity revealed and connected to the allegations against him. The Court therefore finds that this factor weighs in favor of anonymity. *See, e.g., Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) ("Allegations of sexual assault are paradigmatic

examples of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym.").

That said, this first factor does not control the outcome. Otherwise, "virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously." *Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022).

> It is a rare case where a plaintiff who has been sexually assaulted or raped has not suffered some physical or psychological injury. The rule is the same for a plaintiff as for a defendant who is accused and who might want to keep his or her identity confidential. Courts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser. Thus, something more is required to rebut the presumption of public access, at least in cases involving adult sexual assault, and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name.

*Id.* The Court must therefore consider the import of the remaining factors.

The second factor considers the risk of emotional or physical retaliation. Plaintiff does not allege that he is at risk of retaliation by either UVM students (present or former) or UVM itself, as other students and UVM already know his identity. *See Doe v. Del Rio*, 241 F.R.D. 154, 158 n.7 (S.D.N.Y. 2006) ("prior disclosure to the defendants of the plaintiff's identity might moot any request for anonymity"). Plaintiff

5

instead speculates that a future employer or educational institution will find him unsuitable.  Such speculation is insufficient to establish the required risk of harm.  *See, e.g., Doe v. Hobart & William Smith Colleges*, No. 6:20-CV-06338 EAW, 2021 WL 1062707, at *3 (W.D.N.Y. Mar. 19, 2021) ("The risks must be more than speculative claims of physical or mental harms."); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) ("The potential injury alleged must be more than 'mere embarassment' or 'social stigmatization.'" (Citation omitted)).

    The third factor follows the same path, as it asks whether Plaintiff has identified "other harms" including harm to his reputation.  Again, mere embarrassment is insufficient.  Harm to potential job prospects also carries little weight.  *See Doe v. Trs. of Columbia Univ. in the City of New York*, No. 21-CV-1697 (CM), 2021 WL 1253974, at *3 (S.D.N.Y. Apr. 1, 2021) ("Although Plaintiff divulges personal details in his complaint and alleges that publicly litigating this matter is embarrassing, uncomfortable, and likely to damage his employment prospects, courts routinely reject such allegations as insufficient."); *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) ("courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life").

The fourth factor is not at issue since Plaintiff is not of a vulnerable age.  *See Del Rio*, 241 F.R.D. at 158 ("[C]ourts have been readier to protect the privacy of infant plaintiffs than of adults, whether because children are conceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation." (Internal citation omitted)).

Factor six asks whether Defendants will be prejudiced by allowing Plaintiff to proceed anonymously.  Defendants argue that their efforts at discovery will be seriously impeded.  Courts have recognized that discovery is indeed hampered by a plaintiff's anonymity when, for example, defendants need discovery from third-party witnesses.  *See Weinstein*, 484 F. Supp. 3d at 97 (noting that the defendant "might need to disclose [plaintiff's] name to at least some third parties").  Concealing the name of a party may also "deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses."  *Del Rio*, 241 F.R.D. at 159 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596-97 (1980) (Brennan, J., concurring) ("Public trials come to the attention of key witnesses unknown to the parties.")).  This factor therefore weighs against anonymity.

The seventh factor, whether Plaintiff's identity has been kept confidential up to this point, is neutral.  The Complaint makes clear that Plaintiff's name is known to his accuser and the University.  Others involved in UVM's investigation and disciplinary process are also undoubtedly aware of his identity.  However, as one court recently noted, "there is a distinction between that level of knowledge of Plaintiff's identity and full disclosure of his name through the publicly-searchable presence of a lawsuit.  This factor does not tip in either party's favor."  *Hobart & William Smith Colleges*, 2021 WL 1062707, at *3.

Factors five, eight and nine pertain to the public interest, which in this case focuses both on maintaining an open court system and on the whether the case is brought against the government or private parties.  The interest in open court proceedings weighs against anonymity.  *See Weinstein*, 484 F. Supp. 3d at 97–98 ("As a rule, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them.  Among those facts is the identity of the parties.").  Private party suits also disfavor anonymity.  *See Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *3 (E.D.N.Y. Oct. 14, 2020) ("[a] suit between private parties counsels against allowing a party to proceed under a pseudonym").

UVM is a public entity, and in general "where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). Here, however, Plaintiff's focus is not on a broad statute or policy but rather on specific actions of certain individuals with regard to a single event. "[W]here individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Del Rio*, 241 F.R.D. at 159. Furthermore, Plaintiff is suing certain Defendants in both their official and individual capacities, thus rendering this case a hybrid of public and private litigation. *See Doe v. City Univ. of New York*, No. 21 CIV. 9544 (NRB), 2021 WL 5644642, at *4 (S.D.N.Y. Dec. 1, 2021) ("[Plaintiff's] complaint alleges that he is suing each of the individual defendants in both their official and individual capacities. Plaintiff cannot have it both ways. As such, this factor does not weigh in favor of allowing plaintiff to proceed anonymously."). This factor therefore does not weigh in Plaintiff's favor.

Factor nine weighs against Plaintiff because this case "is not of a purely legal nature." *See A.B. v. Hofstra Univ.*, No. 217CV5562DRHAYS, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018). Indeed, the case will be fact-intensive as Plaintiff endeavors to establish that Defendants' particular actions violated his legal and civil rights.

The tenth and final factor is whether there are any alternative mechanisms for protecting Plaintiff's confidentiality. *Sealed Plaintiff*, 537 F.3d at 190. "If a viable alternative to complete anonymity exists, this factor weighs against a finding for anonymity." *Doe #1 v. Syracuse Univ.*, No. 518CV0496FJSDEP, 2018 WL 7079489, at *9 (N.D.N.Y. Sept. 10, 2018), *report and recommendation adopted*, No. 518CV00496BKSML, 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020). Here, the parties have the option to move at the appropriate time for sensitive materials to be either sealed or redacted. *See id.* (citing *Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014)). Although sealing or redacting will not prevent the public disclosure of Plaintiff's identity, it will allow Plaintiff to protect specific matters if, by law, they must remain confidential. Because such alternatives exist, this factor does not weigh in favor of Plaintiff's anonymity.

The Second Circuit has explained that district courts must exercise "discretion in the course of weighing competing

10

interests" and that the ten factors are only a guide. *Sealed Plaintiff*, 537 F.3d at 190.  Here, having considered those factors and in the exercise of its discretion, the Court finds that Plaintiff is not entitled to anonymity.  Briefly stated, his claims of reputational and economic harm are speculative and legally insufficient.  He commenced this action in a public forum, and "[p]resumably, by doing so, he believes his case to be meritorious.  In the event plaintiff prevails, his reputation will be cleared while the University's [thus far, allegedly] unlawful conduct remains public." *Doe v. Colgate Univ.*, No. 5:15-CV-1069 LEK/DEP, 2015 WL 5177736, at *2 (N.D.N.Y. Sept. 4, 2015).  His request to proceed under a pseudonym and for a corresponding protective order is therefore denied.

## Conclusion

For the reasons set forth above, Plaintiff's motion to proceed under a pseudonym and motion for protective order (ECF No. 2) is denied.  Plaintiff shall file an amended pleading within 30 days.  Failure to do so will result in dismissal of the Complaint without prejudice.

DATED at Burlington, in the District of Vermont, this 19th day of December, 2022.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge